FILED
IN CLERKS OFFICE

2004 OCT -7 P 1:18

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GULF UNDERWRITERS INS. CO., as Subrogee of Games and Lanes, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BAR TECH SOLUTIONS, INC.<br>Defendant. | 04-30203-MAP<br>CASE NO:<br><br>FILING FEE PAID:<br>RECEIPT # 305755<br>AMOUNT $ 150.00<br>BY DPTY CLK MGK<br>DATE 10/12/04 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff GULF UNDERWRITERS INSURANCE COMPANY, as subrogee of Games and Lanes, by and through its attorneys, GROTEFELD & DENENBERG, L.L.C., and for its Complaint, states as follows:

1. Plaintiff GULF UNDERWRITERS INSURANCE COMPANY ("Gulf" or "Plaintiff" hereinafter) is a Texas corporation, authorized to issue policies of insurance in the State of Massachusetts, and in particular, authorized to issue policies of insurance in the County of Hampden, State of Massachusetts.

2. Upon information and belief, Defendant International Bar Tech Solutions, Inc. (hereinafter "IBS" or "Defendant") is a Massachusetts corporation with its principal place of business located at 939 Main Street, Springfield, MA 01130.

3. Plaintiff's subrogor Games and Lanes, Inc. (hereinafter "Games and Lanes") is a Massachusetts corporation with its principal place of business located at 350 Walnut Street, Agawam, MA.

4. The incident that serves as the basis of this Complaint occurred at 350 Walnut Street, Agawam, MA 01001.

5. The amount in controversy exceeds Five Hundred Seventy Five Thousand Four Hundred Fifty ($575,450.00) Dollars, exclusive of costs, interest and attorney fees, and is otherwise within the jurisdiction of this Court.

6. Jurisdiction is founded in diversity, 28 USC section 1332.

7. Venue is proper in the United States District Court for the District of Massachusetts under 28 USC section 1391.

## FACTUAL ALLEGATIONS

8. Prior to October 31, 2001, Gulf issued a policy of insurance to Games and Lanes, protecting its property against loss and damage.

9. Games and Lanes owned the building located at 350 Walnut Street, Agawam, MA (hereinafter "the Building").

10. Prior to October 31, 2001, Games and Lanes contracted with Defendant IBS to perform certain work relating to the installation of a fire/alarm system at the Building.

11. Upon information and belief, Defendant IBS performed the related services at the Building.

12. Subsequent to the initial installation of the fire/alarm system, IBS performed certain repairs to the system and had knowledge of its operational failure.

13. On or about October 31, 2001, a fire occurred at the Building and Games and Lanes suffered extensive damage as a result of a water damage that occurred when the sprinkler activated and flowed for over eight hours.

14. The vast majority of the damage was due to the failure of the fire/alarm system, which allowed water to flow into the building for more than eight hours.

15. Only minimal damage occurred as a result of the fire itself.

16. The damage was a direct and proximate result of Defendants negligence in the installation of the fire/alarm system.

17. As a direct and proximate result of the damages caused by the excessive water damage resulting from the improperly installed and/or repaired fire/alarm system, Games and Lanes filed a claim with Gulf pursuant to its insurance policy, and Gulf pursuant to the insurance contract, paid Games and Lanes a sum in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars.

18. As a result of its payment, Gulf became subrogated to the rights of Games and Lanes' against the Defendants.

WHEREFORE, GULF UNDERWRITERS INSURANCE COMPANY demands judgment against Defendant IBS in an amount in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars, exclusive of costs and attorneys fees.

## COUNT I
## NEGLIGENCE OF IBS

19. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20. At all times relevant, Defendant IBS furnished labor, material, and services related to the installation of a fire/alarm system at the Building.

21. IBS owed a duty to Games and Lanes to perform its work in a safe and proper manner and in accordance with all applicable practices, requirements, ordinances, statutes, regulations, and standards.

22. IBS breached its duties owed to Games and Lanes through its acts and/or omissions constituting negligence, including, but not limited to:

    a. Failing to utilize due care in the installation of the fire/alarm system;

    c. Failing to take the precautionary measures necessary to insure that the fire/alarm system operated properly;

    d. Failing to perform its services in a safe and proper manner, specifically in a manner, which would warn of the existence of a fire, then properly extinguish the fire;

    e. Failing to observe applicable codes and other safe practices related to the installation and/or repair of a fire/alarm system;

    f. Failing to hire competent, qualified, careful and prudent employees who would perform their duties in a safe and workmanlike manner and/or failing to adequately train such employees regarding the safe and proper installation of said system;

    g. Leaving the premises in a dangerous condition when IBS knew or reasonably should have known that doing so would result in damage to property;

    h. Failing to take other reasonable precautions to prevent loss and damage to Games and Lanes ;

    i. Any other acts of negligence that may be determined through the process of discovery.

23. The damage suffered by Games and Lanes on October 31, 2001 was a direct, proximate and legal cause of the above acts and/or omissions by Defendant IBS.

24. As a direct and proximate result of the damages caused by the water loss, Games and Lanes filed a claim with Gulf pursuant to its insurance policy, and Gulf pursuant to the insurance contract, paid Games and Lanes a sum in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars.

25. As a result of its payment, Gulf became subrogated to Games and Lanes' rights against the Defendants.

WHEREFORE, GULF UNDERWRITERS INSURANCE COMPANY demands judgment against Defendant IBS in an amount in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars, exclusive of costs and attorneys fees.

## COUNT II
## BREACH OF EXPRESS/IMPLIED CONTRACT BY IBS

26. Plaintiff incorporates by reference paragraphs 1 through 25, as though fully set forth herein.

27. Prior to October 31, 2001 Games and Lanes entered into an agreement with IBS to furnish all labor, material, equipment and supervision relating to the installation and/or repair of the fire/alarm system in a safe and workmanlike manner in accordance with industry standards.

28. In return for Defendant=s services, Games and Lanes paid an agreed upon amount in consideration for these services and fulfilled all of their contractual obligations to Defendant.

29. Defendant breached the express and/or implied terms of this contract by failing to properly supervise the installation of the fire/alarm system to insure that the work was performed in a safe and workmanlike manner in accordance with industry standards, and in a way such as not to cause the risk of loss.

30. As a direct and proximate result of the damages caused by the water loss, Games and Lanes filed a claim with Gulf pursuant to its insurance policy, and Gulf pursuant to the insurance contract, paid Games and Lanes a sum in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars.

31. As a result of its payment, Gulf became subrogated to Games and Lanes' rights against the Defendants.

WHEREFORE, GULF UNDERWRITERS INSURANCE COMPANY demands judgment against Defendant IBS in an amount in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars, exclusive of costs and attorneys fees.

## COUNT III
## BREACH OF EXPRESS/IMPLIED WARRANTIES BY IBS

32. Plaintiff incorporates by reference Paragraphs 1 through 31, as though fully set forth herein.

33. Prior to October 31, 2001, Plaintiff entered into a contract with Defendant IBS for the installation of a fire/alarm system.

34. Defendant's contract for services expressly and impliedly promised that all work would be completed in a workmanlike manner and Games and Lanes relied on this promise.

35. Defendant was hired for the express purpose of installing and/or repairing a fire/alarm system at the Building for the direct and intended benefit of Games and Lanes, and Games and Lanes relied upon Defendant's skill and judgment to perform the work in a safe and workmanlike manner by providing a fully functioning fire/alarm system which would function properly in the event of a fire.

36. Defendant breached its express/implied warranties by the following acts or omissions:

   a. Failing to perform the installation in a competent and workmanlike manner;

   b. Failing to exercise professional judgment in the use and operation of a back flow preventor;

   c. Failing to take into consideration the hazards in failing to ensure proper shut-off/alarm mechanisms;

   d. Disregarding the risk of harm to the structure that could result from such hazard;

37. Defendant breached the above-noted express and implied promises, as the work was not performed in a safe or workmanlike manner. Defendant=s improper and dangerous actions resulted in Plaintiffs' damages.

38. As a direct and proximate result of the damages caused by the fire, Games and Lanes filed a claim with Gulf pursuant to its insurance policy, and Gulf pursuant to the insurance contract, paid Games and Lanes a sum in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars.

39.  As a result of its payment, Gulf became subrogated to Games and Lanes' rights against the Defendants.

WHEREFORE, GULF UNDERWRITERS INSURANCE COMPANY demands judgment against Defendant IBS in an amount in excess of Five Hundred Seventy-Five Thousand Four Hundred Fifty and 00/100 ($575,450.00) Dollars, exclusive of costs and attorneys fees.

### DEMAND FOR JURY TRIAL

Plaintiff, Gulf Underwriters Insurance Company, as subrogee of Games and Lanes, Inc., by and through its attorneys, hereby demands trial by jury in this matter.

Dated: October 7, 2004

PRINCE, LOBEL, GLOVSKY & TYE, LLP

By: _____
Joseph S. Sano (BBO 545706)
585 Commercial Street
Boston, MA 02109
Telephone: (617) 456-8000
Facsimile: (617) 456-8100

GROTEFELD & DENENBERG, LLC

By: _____
Todd B. Denenberg, Mass. (BBO#552564)
Of counsel: Christina L. Weeks, (MI B#P66106)
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025
Telephone: (248) 727-7100
Facsimile: (248) 593-5808

Attorneys for Plaintiff