UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GULF UNDERWRITERS INS. CO., <br> as Subrogee of Games and Lanes, Inc. <br>          Plaintiff <br><br> vs. <br><br> INTERNATIONAL BAR TECH SOLUTIONS, INC., <br>          Defendant | CASE NO.: <br> 04-30203-MAP |

### DEFENDANT'S ANSWER AND JURY CLAIM

Now comes the Defendant International Bar Tech Solutions, Inc. (hereinafter "IBS") and responds to the allegations of the Plaintiff's Complaint as follows:

1. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

2. Admitted.

3. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

4. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

5. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

6. Admitted.

7. Admitted.

8. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

9. The Defendant IBS is without knowledge or information sufficient to admit or deny this allegation as phrased but the Defendant admits an entity known as "Games and Lanes" operated a business at 350 Walnut Street Extension, Agawam, MA at all times material to this action.

10. The Defendant IBS denies this allegation as phrased. By way of response, the Defendant states it contracted with Games and Lanes on November 17, 1994 to install a motion detector based burglary alarm system and to provide central station monitoring service for such.

11. The Defendant IBS denies this allegation and refers to its answer to paragraph 10.

12. The Defendant IBS denies this allegation and specifically states it played no role in the design, installation, inspection, repair or any other form of control or contact for a "fire/alarm system".

13. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

14. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

   The Defendant IBS further responds by reference to its answers to paragraphs 10 and 12.

15. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

16. Denied.

17. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

18. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

COUNT I

19. The Defendant IBS repeats and incorporates its prior responses.

20. Denied.

21. The Defendant IBS responds to this allegation by stating it is a conclusion of law rather than a statement of fact which requires response. By way of further response, the Defendant IBS states it played no role regarding a "fire/alarm system" and the Defendant denies it breached any duty.

22. The Defendant IBS denies that it played any role regarding a "fire/alarm system" and therefore further denies each and every subsection of this paragraph.

23. Denied.

24. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

25. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

## COUNT II

26. The Defendant IBS repeats and incorporates its prior responses.

27. The Defendant IBS denies the allegations of this paragraph and refers to the Defendants paragraph 10.

28. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

29. Denied.

30. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

31. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

## COUNT III

32. The Defendant IBS repeats and incorporates its prior responses.

33. The Defendant IBS denies the allegations of this paragraph and refers to the Defendants paragraph 10.

34. The Defendant denies this allegation as phrased. By way of response the Defendant IBS states it entered into a November 17, 1994 Agreement to install a motion detector based burglary alarm system and that the provisions, terms and conditions of that Agreement are contained in writing and speak for themselves.

35. Denied.

36. The Defendant denies this allegation as phrased and specifically denies it provided, played any role or had contact with a "back flow preventor" or "shut off/alarm mechanism."

37. Denied.

38. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

39. The Defendant IBS is without knowledge or information sufficient to admit or deny the allegation and calls upon the Plaintiff to prove same.

## AFFIRMATIVE DEFENSES

1. The Plaintiff failed to commence this action with the time permitted by law.

2. The Plaintiff's subrogor was negligent in that causation of the claimed damages and such negligence was of a degree sufficient to bar or diminish recovery.

3. This action is barred by application of the Statute of Repose applicable to improvements to real property, Massachusetts General Laws, Chapter 260, Section 2B.

4. The damages claimed by the Plaintiff were caused by a person or entity for whose conduct the Defendant IBS was not responsible.

5. The recovery of any damages sought in this action by reason of breach of contract are barred by the separate breach of contract committed by the Plaintiff's subrogor.

6. The Plaintiff failed to give timely notice of any breach of warranty and such failure of notice prejudiced the Defendant IBS thereby preventing recovery.

7. Each count of the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

8. The claims asserted by the Plaintiff for breach of contract are barred by a lack of consideration.

9. Recovery in this action is barred by the waiver of claims made by the Plaintiff's subrogor.

10. The recovery which may be had by the Plaintiff in this action is subject to a strict limitation of damages contractually agreed to by the Defendant IBS and the Plaintiff's subrogor.

11. Recovery in this action is barred by a contractual exclusion of guarantee, express warranty or implied warranty stated by the Defendant IBS in the contractual agreement with the Plaintiff's subrogor.

12. Recovery is barred as the Defendant IBS has fully performed all the terms of the contractual agreement between it and the Plaintiff's subrogor.

13. Recovery in this action is barred by the Plaintiff's failure to commence the action within one year of accrual, a condition agreed to in writing by the Defendant IBS and the Plaintiff's subrogor.

14. Recovery in this action is barred by the contractual agreement of the Plaintiff's subrogor, Games and Lanes, to waive any rights of subrogation.

15. Recovery in this action is barred by the failure of the Plaintiff's subrogor to mitigate its damages.

16. Recovery in this action is barred by the Plaintiff's subrogor's modification or alteration of any product or system provided by the Defendant IBS.

17. Recovery in this action is barred by the Plaintiff's subrogor's misuse of any product or system provided by the Defendant IBS.

18. Recovery in contract by the Plaintiff is barred by application of the statute of frauds.

19. Recovery in this action is barred by the doctrines of accord and satisfaction and release.

20. Recovery in this action is barred by the doctrine of res judicata.

21. THE DEFENDANT CLAIMS A TRIAL BY JURY.

By its attorneys,
CURLEY & CURLEY, P.C.

_____
Eugene F. Nowell
BBO #374860
27 School Street
Boston, MA 02108
(617) 523-2990

Dated: 11/18/2004

## CERTIFICATE OF SERVICE

I, Eugene F. Nowell, attorney for the Defendant, International Bar Tech Solutions, in the above-entitled action, hereby certify I mailed a copy of the foregoing pleading by first-class mail, postage prepaid, to the following counsel:

Christina L. Weeks, Esquire
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025

Joseph L. Sano, Esquire
585 Commercial Street
Boston, MA 02109

_____
Eugene F. Nowell

Dated: 11/18/2004